UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARSHDEEP SINGH, | |
| Petitioner, | Case No. C20-244-RAJ-MLP |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | ORDER TRANSFERRING CASE |
| Respondents. | |

Petitioner Arshdeep Singh is a native and citizen of India who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Prairieland Detention Center ("PDC") in Alvarado, Texas, where he is being staged for a charter removal flight to India. (Dkt. 10, ¶ 5.) On February 18, 2020, Mr. Singh, proceeding through counsel, filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2241 together with a motion for temporary restraining order seeking an immediate stay of removal. (*See* Dkts. 1, 2.) Petitioner, who crossed the U.S. border from rural Mexico in September 2019, challenges in his petition the determination of an asylum officer, subsequently upheld by an immigration judge, that petitioner should not be allowed to apply for asylum in the United States because of a negative credible fear finding. (*See* Dkt. 1, 9.)

Because petitioner's original materials lacked necessary details, in particular those relevant to the question of whether this Court has jurisdiction over this matter, the Court deferred ruling on the motion for temporary restraining order and directed petitioner to submit a supplemental brief addressing the jurisdictional issue and the anticipated timing of petitioner's removal. (Dkt. 8.) On February 20, 2020, respondents filed a response to petitioner's motion for temporary restraining order in which they argued that the motion should be denied because this Court lacks jurisdiction to provide the habeas relief requested. (*See* Dkt. 9, 10, 11.) On February 21, 2020, petitioner filed a supplemental brief in support of his request for an emergency temporary restraining order addressing the issues identified in the Court's prior Order. (Dkt. 14.) A review of those materials, and the materials submitted by respondent, clearly establish that petitioner is not now, nor has he ever been, confined in this District nor have any of his ICE proceedings been conducted in this District.

Federal courts may grant writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). Although physical presence of a habeas petitioner within the judicial district "is not an absolute jurisdictional prerequisite, but rather a requirement [that] can give way to considerations of fairness and basic convenience," *see Kinnell v. Warner*, 356 F. Supp. 779, 781 (D. Haw. 1973), the Court may not grant habeas relief if the petitioner's custodian is outside its territorial jurisdiction. *See Sholars v. Matter*, 491 F.2d 279, 281 & n. 5 (9th Cir. 1974). This Court lacks jurisdiction because neither the petitioner, nor his custodian, *i.e..* the custodian of the PDC, are within the boundaries of this District.

Accordingly, this Court hereby ORDERS as follows:

(1) Petitioner's motion for temporary restraining order (Dkt. 2) is DENIED without prejudice to petitioner renewing his motion in the proper jurisdiction.

ORDER TRANSFERRING CASE
PAGE - 2

(2) This action is TRANSFERRED to the Northern District of Texas. *See Miller v. Hambrick*, 905 F.2d 259 (9th Cir. 1990); *see also*, 28 U.S.C. § 1631.

(3) The Clerk shall send copies of this Order to all counsel of record and to the assigned Magistrate Judge.

DATED this 21st day of February, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER TRANSFERRING CASE
PAGE - 3